**UNITED STATES of America, Plaintiff,**

v.

**SEARS, ROEBUCK AND COMPANY, INCORPORATED, Defendant.**

**No. CR 80–183–R.**

United States District Court,
C.D. California.

Feb. 29, 1984.

---

## OPINION

REAL, Chief Judge.

Defendant, SEARS, ROEBUCK AND COMPANY, INCORPORATED has moved to dismiss the Sanyo Aspect of Count One of the Indictment, and for clarification that the previous dismissal by this Court for abuse of the Grand Jury process was not only on constitutional grounds but also in the exercise of this Court's supervisory power over the Grand Jury process.

The motion is granted as to the Sanyo Aspect of Count One of the Indictment.

The Court of Appeal, in *United States v. Sears, Roebuck and Co.*, 719 F.2d 1386 (9th Cir.1983), reversed the dismissal as resting on constitutional grounds only without a showing of prejudice. It appears that what the Court left open was the discretionary dismissal in the exercise of the supervisory power of this Court.

Although I respectfully disagree with the Court of Appeal on the question of a showing of prejudice by the defendant, that ruling is the law of the case and I abide it. I only point out that the only scenerio that I can conjure that would fulfill a showing of prejudice, other than an evaluation of a prosecutor's misconduct, in the circumstances of a Grand Jury indictment, would be to call each grand juror and, in the context of this case, ask something like the following:

Q. Were you affected by the testimony of John Nevins in your vote to return an indictment against SEARS?

Q. Were you affected by what Mr. Gorman said about SEARS?

Q. Were you satisfied that Mr. Gorman kept his promise to present the evidence he had to explain SEARS' conduct?

If a grand juror answered in the affirmative, prejudice would clearly be established.

There may be other questions that lawyers could ask. Such inquiry of a grand juror is not permitted by the Federal Rules of Evidence and/or Federal Rules of Criminal Procedure. Certainly prejudice should be able to be particularly presumed from the degree of prosecutorial misconduct shown by the facts of this case.

It may not have been sufficiently clear in my Opinion reported at 518 F.Supp. 179 (C.D.Cal.1981), but I was particularly concerned that the only way this court could assure the government that the conduct of Mr. Gorman could not and would not be tolerated, was to dismiss the indictment. That I believed to be in the exercise of my discretionary supervisory power. I now reiterate all the reasons set forth in my Opinion reported at 518 F.Supp. 179 (C.D.Cal. 1981), and now again dismiss the indictment with prejudice.

The motion to dismiss was filed and briefed and, without notice to the Court or defense counsel, the government sought and got a superseding indictment. Such action by the government should not be tolerated. Any proceedings upon that superseding indictment are stayed until the final disposition of the original indictment, either after appeal or when the order of

dismissal of the original indictment otherwise becomes final.